Howell, J.
This suit is brought to annul the sale of a tract of land belonging to the insolvent succession of Win. R. Barrow, deceased, made by the sheriff at tho instance of the creditors.
A motion is made to dismiss the appeal, on the ground that all the creditors of the succession are not made parties to the appeal.
If any others than plaintiffs have an interest in maintaining the judgment of the lower Court, that interest is covered by the insertion in tho appeal bond of the words, “and others,” as obligors—the appeal having-been granted on motion in open Court.
The motion to dismiss must be overruled. •
An exception was taken to the capacity of the Bank of Louisiana to stand in judgment, but not being urged in this Court, it is considered waived.
Of the many grounds, taken by plaintiffs in their petition, for setting aside the sale, two are urged in this Court, to wit :
1. That the legal notices to creditors, required by law in insolvent proceedings, were not given.
2. That the property was not advertised for the length of time required by law for the sale of immovables.
Another ground, that the sheriff did not sell personal and real property for cash, to the amount of $20,500, before selling any of the land on a credit, as directed in order of sale, is raised before us ; but not having been *170 pleaded or passed on in the lower Court, such an issue cannot be made here, this Court not being vested with original jurisdiction. G R. 2G5. 7 R. 138. 19 A, dG.
We consider it necessary to examino the second point only, deeming it fatal to the validity of the sale.
The whole property of the succession was advertised on the 9th December, 1865, to be sold by the sheriff, at the late residence of the deceased, on the 10th January, 18GG, on which day ho sold the personal property, amounting to only $561, and, uuthonl offering the immovable properly, postponed the sale thereof to the 3d day of February, at the court-house, continuing the same advertisement, with a notice at the foot of it, in the paper of the following week, of the postponement; on which day, being twenty-four days after the first day, and about twenty days after the second advertisement, the laud in controversy was sold, and bought by the defendant, Mrs. Eleanor E. Barrow, one of the heirs.
It does not ax>pear that the sheriff was unable, for want of time, to complete the sale on the first day, hut, in his return, he states that the sale was postponed because there were no bidders for real property present. I-Ie does not inform us how he ascertained this fact, while his return shows that Mrs. Barrow, who bought at the second sale, must have been present, as she purchased most of the personal effects.
Admitting the necessity and propriety of a postponement, wo think the law applicable -to such. cases required the second advertisement to he for thirty days, which is the only advertisement prescribed for the sale of immovable property belonging to successions (seo O. C. 1159), except as provided by Article 990 G. P., which directs that property, which does not bring the appraised value al i/s Jirsl offerimj, shall he sold within a given time on a credit of twelve months, and cannot bo held to apply to the present case, in which the property was not offered at the first sale, but was sold on the terms fixed by the creditors, and should have been advertised de novo for thirty days. Unless some special law is shown, providing a different rule for such a case, tlio general law must he followed, and that law requires thirty days’ advertisement of real estate.
“ The doctrine of discretion, in the execution of legal solemnities, cannot be supported on any ground—even that of necessity. The abuses to which it would open a door are too obvious to require any comment.”
Judgment was rendered in the lower Court in favor of plaintiffs, which wo think correct.
Judgment affirmed, with costs.